El Pueblo de Puerto Rico, demandante y apelado, *v.* Vicente Varela, acusado y apelante.

No. 4296.—*Sometido:* Junio 4, 1931. *Resuelto:* Julio 31, 1931.

---

* Nota: Véase el prefacio.

*A. García Ducós,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Vicente Varela fué acusado de homicidio voluntario. Fué juzgado por un jurado, y convicto. Entre otras cosas, alegó la defensa propia. La prueba a ese respecto fué contradictoria, y el jurado resolvió el conflicto.

Según hemos declarado en un número de casos, no es de la incumbencia del tribunal revisar las conclusiones de hecho de un jurado, a menos que estemos convencidos de que el jurado debió haber tenido duda razonable. No lo estamos. La evidencia de cargo tendió a demostrar que en noviembre de 1928, el día de las elecciones, un Dr. González tuvo un disgusto con Fermín Cortés, y el acusado acudió en ayuda del Dr. González y disparó contra Fermín Cortés. La defensa trató de demostrar que el interfecto tenía una pistola en sus manos, pero el veredicto le fué adverso.

El apelante aduce un argumento al efecto de que un extremo de esta índole no debió haberse dejado a la exclusiva apreciación del jurado. Estamos muy de acuerdo en que la lacónica expresión de un jurado puede en algunas ocasiones envolver un error, pero el juicio por jurado en casos *felony* es ordinariamente la expresión final de la culpabilidad o inocencia del acusado, siempre que no se haya cometido error por el juez durante el juicio.

La corte no cometió error al negarse a permitir que el acusado contrainterrogase a un testigo en cuanto a la reputación del occiso como un hombre peligroso. Nada hubo

en el interrogatorio directo que justificara la repregunta, y, según resolvió la corte, la evidencia interesada era materia de defensa. Se introdujo prueba de esa índole.

El apelante se queja de las instrucciones de la corte, pero no se anotó excepción. La regla es que debe llamarse la atención de la corte hacia la comisión de algún error en las instrucciones, de suerte que tenga la oportunidad de corregirlas.

Nos reservamos el derecho a revocar por errores fundamentales, pero no encontramos error alguno en que la corte resolviera que antes de que la reputación de un hombre como peligroso pueda formar parte de la cuestión de defensa propia, debe establecerse que el acusado tenía conocimiento del carácter del interfecto.

No hallamos error, pasión o prejuicio, y *debe confirmarse la sentencia*.

Los jueces Sres. Presidente del Toro y Asociado Texidor no intervinieron.