EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ESTEBAN MACAYA MORALES, conocido por Pepe Macaya, acusado y apelante.

No. 4755.—*Sometido:* Mayo 27, 1932. *Resuelto:* Junio 3, 1932.

*Ildefonso Freyre,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En este caso se presentó la siguiente acusación:

"El Fiscal formula acusación contra Pablo Lugo Quiñones y Esteban Macaya Morales, conocido por Pepe Macaya, por un delito de Ataque con Intención de Cometer Asesinato (felony), cometido como sigue:

"Los referidos acusados Pablo Lugo Quiñones y Esteban Macaya Morales, conocido por Pepe Macaya, allá en o por uno de los días del mes de diciembre de 1930, en Cabo Rojo, que forma parte del Distrito Judicial de Mayagüez, P. R., ilegal, voluntaria, intencional y criminalmente acometieron y agredieron al ser humano Julio Fernández, con un revólver y una lima, infiriéndole varias heridas de bala y punzantes en el cuerpo, con la intención allí y entonces de cometer asesinato en la persona de dicho Julio Fernández."

Habiendo solicitado el acusado Pablo Lugo juicio por separado y concedídose éste por la corte, se celebró solamente el juicio contra el acusado Esteban Macaya Morales.

Visto el caso ante un jurado en la Corte de Distrito de Mayagüez, dicho jurado rindió un veredicto de acometimiento y agresión grave, y la corte condenó al acusado a sufrir un año y seis meses de cárcel. De esta sentencia apeló el acusado para ante este Tribunal, radicando alegato en el que imputa a la corte inferior la comisión de los siguientes errores:

"1. La Hon. Corte de Distrito de Mayagüez cometió error de derecho al permitir, sobre la oposición de la defensa, que se declarara extensamente por los testigos del Pueblo sobre los hechos realizados por Pablo Lugo Quiñones en el juicio seguido solamente contra el acusado Esteban Macaya Morales.

"2. La Hon. Corte de Distrito cometió error de derecho al no permitir al testigo del Pueblo Dr. Ramírez declarar en las repreguntas de la defensa sobre la distancia y posición en que fué hecho el disparo que causó la herida a Julio Fernández.

"3. La Hon. Corte de Distrito cometió error de derecho al dar las instrucciones al jurado.

"4. Que hubo un manifiesto error por parte del Jurado en la apreciación de la prueba, y que ésta es de tal naturaleza que no justifica el veredicto y no es bastante para sostener la sentencia y la condena.

"5. Que la Hon. Corte de Distrito erró al dictar una sentencia de un año y medio de cárcel contra el acusado."

■ El primer error se refiere a la oposición de la defensa para que se declarase extensamente por los testigos de El Pueblo sobre los hechos realizados por Pablo Lugo Quiñones en el juicio seguido solamente contra el acusado Esteban Macaya Morales.

Los hechos que culminaron en la herida causada a Julio Fernández con un proyectil de bala están tan íntimamente relacionados que no es posible separarlos, porque forman parte de una misma transacción, y ocurrieron simultáneamente desde que apareció en la escena, donde se desarrollaron los hechos, el acusado Esteban Macaya Morales. La acusación fué presentada contra el acusado apelante y Pablo Lugo, pero éste solicitó y obtuvo juicio por separado. Según la prueba de la acusación, cuando reñían Pablo Lugo y Julio Fernández, intervino Esteban Macaya y disparó un revólver contra Julio Fernández, produciéndole una herida en la región escapular izquierda. Según la prueba de la defensa, mientras reñían Pablo Lugo y Julio Fernández, teniendo el primero una lima en la mano y un revólver el segundo, intervino Esteban Macaya para separarlos y mientras los tres se empeñaban en una lucha, se disparó el revólver, hiriendo a Julio Fernández.

Como se ve, tanto la acusación como la defensa están de acuerdo en los hechos que provocaron la intervención del acusado. La defensa se opuso a que se presentara prueba sobre los hechos realizados por Pablo Lugo; pero al evacuar su prueba sus propios testigos voluntariamente relataron la riña de Pablo Lugo y Julio Fernández desde sus comienzos hasta el fin. No hubo error de parte de la corte inferior al admitir esta prueba.

■ Se señala como segundo error el hecho de que la corte no permitió al Dr. Ramírez declarar sobre la distancia y posición en que fué hecho el disparo que causó la herida a Julio Fernández. La pregunta de la defensa que motivó la objeción del fiscal y la decisión de la corte inferior, fué la si-

guiente: ¿Pudo haberse recibido esa herida sin que se hubiese disparado por la espalda? Cualquiera que hubiese sido la respuesta a esta pregunta de la defensa, no vemos el perjuicio que su eliminación haya podido ocasionar al acusado. Se interrogaba al testigo para que declarase sobre una posibilidad, y aun admitiendo que hubiese contestado afirmativamente, como no se descartaba la posibilidad de que el disparo pudiese haber sido hecho por la espalda, el jurado tenía ante sí los hechos para apreciarlos y rendir un veredicto de acuerdo con la prueba. Unicamente un testigo de la acusasión, hijo del perjudicado, declara que el acusado disparó por la espalda contra Julio Fernández. La teoría de la defensa no descarta la posibilidad de que Julio Fernández hubiese sido herido por la espalda, pues según declaran sus propios testigos, el disparo ocurrió cuando el acusado, Lugo y Fernández, se confundían en una lucha, y no habiéndose producido prueba sobre la posición de los contendientes al ocurrir el disparo, aun en el caso de que se hubiese admitido como cierta esta prueba de la defensa, no hubiera sido posible precisar la posición que dichos contendientes ocupaban.

El tercer error señalado por el acusado abarca todas las instrucciones dadas por la corte al jurado; pero al ofrecer sus argumentos se limita únicamente a impugnar la instrucción en que la corte llama a los testigos de la acusación testigos presenciales y a los de la defensa testigos que se dicen presenciales. La instrucción de la corte impugnada por el acusado es la siguiente:

"Señores del Jurado, la evidencia en este caso es contradictoria; hay conflicto en la evidencia, en lo declarado por los testigos presenciales de la acusación, y de los que se dicen presenciales del hecho de la defensa. Es tanta la contradicción, que no hay forma en absoluto de armonizar, de reconciliar unas declaraciones con otras. Aquí no hay equivocación en muchas de las declaraciones; que una persona ve una cosa, y otra lo ve distinto. Eso es cuestión de detalle. Unos testigos se fijan en un detalle, y otros en otro detalle, y

no están de acuerdo con los detalles respecto a los hechos; pero respecto a los hechos principales, esos tienen que estar contestes; tienen que estar de acuerdo. Un disparo de revólver, no puede ser una puñalada; unos no pueden decir que es un disparo, y otros que es una puñalada; eso es un ejemplo.

"Al jurado toca determinar sobre la credibilidad de los testigos. Determinar cuáles son los testigos que han dicho la verdad, y cuáles son los testigos que han declarado en falso."

Estamos muy lejos de aprobar la instrucción objetada, que consideramos inoportuna e improcedente, y que aun podría tacharse de tendenciosa; pero no nos parece necesariamente errónea, examinada con el resto de las instrucciones que acabamos de copiar. No aparece de los autos que el acusado apelante llamara la atención de la corte o que solicitara una instrucción adicional a los fines de dar una oportunidad a la corte para que subsanara cualquier equivocación que a juicio del acusado hubiese cometido en sus instrucciones. A raíz de la instrucción objetada por la defensa, la corte instruyó a los jurados que a ellos tocaba determinar sobre la credibilidad de los testigos y apreciar cuáles eran los que habían dicho la verdad y cuáles los que habían declarado en falso.

■ El cuarto error se refiere a la apreciación de la prueba por el jurado. El jurado, en uso de su discreción, apreció la prueba aportada y resolvió el conflicto existente entre la prueba de la acusación y la prueba de la defensa, declarando culpable al acusado. No aparece fundamento alguno que justifique nuestra intervención en la apreciación de la evidencia y en el veredicto del jurado que, en el uso de sus facultades discrecionales, dió crédito a los testigos de la acusación.

Se alega por último que la corte de distrito erró al dictar un año y medio de cárcel contra el acusado. Opinamos que la corte no cometió el error que se le atribuye.

*Debe confirmarse la sentencia apelada.*