EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN SILVESTRE GUTIÉRREZ, acusado y apelante.

N. 4752.—*Sometido:* Mayo 18, 1932. *Resuelto:* Noviembre 21, 1932.

R. *Cuevas Zequeira,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Juan Silvestre Gutiérrez fué convicto de ofrecer un soborno a Rafael Emmanuelli, sargento de policía con el fin de lograr inmunidad de ser perseguido por la explotación de ciertas máquinas conocidas por traganíqueles (*slot machines*). El fiscal de distrito exhibió un número de billetes y preguntó al testigo denunciante si los billetes ofrecidos como soborno eran similares a los mostrados. Después de haber contestado el testigo afirmativamente, el letrado de la defensa se opuso a la pregunta y el juez manifestó que todos los billetes eran similares. El acusado tomó excepción y se señaló como error la observación hecha por el juez de distrito. Esto no fué un error que da lugar a la revocación.

Posteriormente, al admitir estos billetes como prueba con la objeción del acusado, el juez de distrito se expresó así:

"La corte entiende que no es necesario identificar tan específicamente los billetes en este caso. Aun en el caso de que no se hubiera ocupado el billete, el delito se habría cometido independientemente de eso."

Convenimos con el abogado del apelante en que esta observación era superflua. No podemos convenir en que quizá pudo haber dado al jurado la idea de que la oferta del dinero no era un elemento esencial del delito. Evidentemente lo que el juez quiso significar fué que importaba poco que los billetes ofrecidos como prueba fueran o no los mismos billetes que habían sido ofrecidos para el soborno; que la cuestión a resolver por el jurado era si el acusado había ofrecido dinero al testigo denunciante, y que a fin de establecer este

hecho no era necesario presentar el dinero mismo como prueba. En esto no hallamos error alguno.

■ La declaración de Emmanuelli revela que Gutiérrez poseía y tenía el dominio de ciertas máquinas traganíqueles. Gutiérrez al tiempo de cometer el delito y de ser arrestado llevaba un maletín conteniendo algunas llaves y ciertas herramientas pequeñas. Emmanuelli declaró que estas llaves eran usadas para abrir las máquinas. Luego este maletín y su contenido fueron ofrecidos y admitidos como prueba por el juez de distrito como tendentes a establecer la propiedad de las máquinas. En respuesta a la objeción del acusado a que se admitieran estos artículos en evidencia, el juez de distrito dijo que él era de opinión que esta prueba tendía a corroborar la declaración de Emmanuelli en lo referente al interés que tenía el acusado en las máquinas. La relación del acusado con estas máquinas fué admitida y establecida por la prueba de la defensa. El error del juez de distrito, de haberse cometido, no puede ser considerado ahora como motivo de revocación.

■ No se cometió error alguno al permitir a Emmanuelli, con la objeción del acusado, que describiera la forma en que estas máquinas son manipuladas, a fin de demostrar que una máquina traganíqueles, al ser usada como un mecanismo de juego de azar, es una lotería.

Durante el curso de la repregunta por el acusado del testigo estelar Emmanuelli, el fiscal manifestó que había varias de estas máquinas en la oficina del secretario y pidió que una de ellas fuese mostrada al jurado. El acusado se opuso y el juez de distrito dijo:

"El jurado seguramente ha visto esas máquinas. Son muy corrientes; todo el mundo las conoce."

Esta era una forma de sostener la objeción del acusado. El comentario era innecesario, mas no fué claramente perjudicial.

■ Rosario Negrón declaró, como testigo de la defensa,

que ella y el acusado eran empleados de una misma firma; que su jefe le había dictado una carta para el sargento Emmanuelli; que ella había escrito a máquina la carta, la había colocado en un sobre cerrado y entonces había puesto el sobre en la gaveta de su escritorio, donde había otro sobre cerrado que contenía diez dólares en billetes, el saldo del sueldo semanal que la testigo había separado para su uso; y que cuando Gutiérrez le pidió la carta, que él llevaría a Emmanuelli, la testigo por equivocación le entregó el sobre que contenía su sueldo. Después que el letrado de la defensa y el fiscal habían terminado con el examen de esta testigo, el juez de distrito le preguntó por qué no había puesto la dirección en el sobre que contenía la carta para Emmanuelli. Su respuesta fué que no era costumbre dirigir los sobres que contenían cartas personales que iban a ser entregadas por un empleado. El acusado no se opuso a la pregunta hecha por el juez. Aun si el letrado se hubiese opuesto y hubiera tomado excepción a una resolución adversa a tal objeción, la conducta del juez de distrito no podría ser considerada como un abuso de discreción.

El juez de distrito declaró sin lugar una moción de nuevo juicio. El fundamento principal de la moción fué que el veredicto era contrario a la prueba. La esencia del argumento es que no había acusación pendiente contra Gutiérrez y que cuanto él manifestó en el momento de hacer la oferta revelaba el propósito de lograr que se le eximiera de ser perseguido, más bien que de ser procesado. El apelante asume la necesidad de un proceso pendiente. No se cita autoridad alguna en apoyo de esta teoría. Varios días antes del incidente que dió origen a la presente acusación el sargento Emmanuelli se había incautado de dos de estas máquinas que estaban en poder de un tal Cortés y puso el caso ante el jefe de policía del distrito. Gutiérrez acudió y persuadió al jefe de la policía para que le entregaran las máquinas a él. El jefe de la policía se allanó a ello porque en su opinión no había prueba suficiente para justificar la presentación de una denuncia en

ese caso específico. Al mismo tiempo instruyó a Emmanuelli en presencia de Gutiérrez que desplegara una campaña vigorosa contra la explotación de máquinas traganíqueles y para que hiciera esfuerzos por conseguir prueba más satisfactoria. Fué en la mañana del siguiente sábado que Gutiérrez se dirigió a Emmanuelli para tratar sobre la cuestión relativa a protección policíaca. El sábado en la tarde era el momento en que con mayores probabilidades se hallarían las máquinas en funcionamiento. Gutiérrez manifestó a Emmanuelli que la campaña policíaca contra las máquinas que representaba Gutiérrez le costaba mucho dinero; que él estaba perdiendo dinero y que él, Gutiérrez, deseaba estar en armonía con la policía. Emmanuelli le respondió que la única forma en que podían armonizarse era dejar de usar las máquinas para el juego de azar, pues de lo contrario era el deber de la policía incautarse de las mismas y que él estaba dispuesto a acabar con ellas. Gutiérrez entonces le dijo: "Nosotros podemos arreglar," y Emmanuelli contestó: "No hay arreglo. El único arreglo posible es que no jueguen a lo prohibido." Entonces Gutiérrez sacó un sobre del bolsillo y dijo: "Yo le traigo esto aquí y yo le ofrezco que de acuerdo a como marche el negocio yo le traigo semanalmente su parte." El jurado estaba justificado al hacer la inferencia de que Gutiérrez trataba de comprar protección policíaca. El veredicto no fué contrario a la prueba y el juez de distrito no cometió error al declarar sin lugar la moción de nuevo juicio.

En el último señalamiento se alega error en un número de extractos aislados de las instrucciones al jurado. Algunas de estas instrucciones están sujetas a críticas. Si la defensa hubiese llamado la atención del juez sentenciador hacia estos defectos, él hubiese tenido la oportunidad de corregirlos. No se tomó excepción a parte alguna de las instrucciones según fueron dadas e interpretando la fraseología criticada ahora por el apelante a la luz del contexto no hallamos error fundamental en las instrucciones en su totalidad.

La sentencia apelada debe ser confirmada.