EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN FRESE, acusado y apelante.

No. 5005.—*Sometido:* Marzo 14, 1934. *Resuelto:* Marzo 29, 1934.

*Quirós Méndez y Susoni & Defendini,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Ramón Frese apela de una sentencia que lo condena por delito de violación por haber tenido contacto carnal con una mujer demente, que no era su esposa.

El único error alegado por el apelante para sostener su recurso es por haber declarado la corte sin lugar su moción de absolución perentoria, que fundó en no ser la prueba del fiscal suficiente para una condena (*nonsuit*).

El fiscal presentó en el juicio a un médico de cuya declaración aparece que Adela Cardona, de veinticuatro años de edad, que es la mujer a que se refiere este proceso, tenía cinco meses de embarazo al ser reconocida por él. El principio de ese estado coincide con la fecha en que se imputa al acusado haber tenido contacto carnal con esa mujer, que no era su esposa. Otro médico, director del Manicomio Insular, declaró que Adela Cardona es imbécil desde su niñez y tiene ahora un retardo mental como el de una niña de nueve años: que puede referir cosas que le hayan pasado, pues no carece por completo de memoria, pero que es incapaz de co-

nocer plenamente el valor de sus actos porque su discernimiento es muy rudimentario. Algunos testigos declararon que en ocasión en que fueron a la tiendita o cafetín del acusado, vieron a Adela en la trastienda que tiene el acusado, junto a la cama de él y que la tenía cogida por las manos y que él trató de ocultarla. Otros manifestaron que el acusado alquiló un sitio para una tiendita o cafetín contiguo a la casa en que vivía Adela y su familia sabiendo que Adela es loca y la desocupó poco después del mes: y otros que cuando se supo que Adela estaba embarazada se presentó el acusado en la casa de ella y dijo a su madre, oyéndolo algunos vecinos, que él era el autor de la desgracia de Adela y que se iba a casar con ella.

El fiscal también presentó como testigo a Adela Cardona, sin oposición de la defensa del acusado. La lectura de la declaración de esa mujer nos convence de que a pesar de ser una imbécil sabe y recuerda algunos de los hechos que ha visto o que le han ocurrido a ella, pues, por ejemplo, dijo su edad, el nombre de la calle en que vive, que el acusado se llama Moncho, que tuvo un cafetín contiguo a la casa en que ella vivía, que él la deshonró en su cafetín donde la metió dos o tres veces a la fuerza y sabe que lo pueden castigar, así como que va a tener un hijo y que casarse es casamiento por la iglesia, pero ignora las consecuencias del acto carnal de un hombre con una mujer. Queremos copiar un extremo de su declaración: el fiscal le preguntó: "Qué usted quiere que le hagan a él? R.—Lo que quieran ustedes. P.—¿Lo que nosotros queramos? R.—Seguro. P.—¿Usted no sabe lo que se le va a hacer, o lo que se le puede hacer? Usted no sabe? R.—Meterlo en la cárcel. P.—¿Usted cree que se le puede meter en la cárcel? R.—Sí. P.—¿No se le debe matar? R. —No. P.—¿Por qué? (No contesta) P.—Tanto como eso no, ¿verdad? R.—Seguro que no. P.—¿Sería mucho? (No contesta) P.—Entonces, ¿usted lo quiere? R.—Yo no lo quiero, pero matarlo no."

Cuando el fiscal terminó la práctica de su prueba solicitó el acusado su absolución alegando que toda vez que los locos no pueden declarar bajo juramento, el hecho de que Adela Cardona haya sido presentada como testigo por el fiscal demuestra que ella no está loca y que, por consiguiente, el acusado no ha cometido el delito de violación que se le imputa.

Por mucho tiempo las personas locas e imbéciles fueron excluídas de prestar declaración en los tribunales, pero ahora la regla es distinta. En el año 1882, en el caso de *District of Columbia* v. *Armes,* 107 U. S. 519, en el que se permitió que declarase como testigo una persona loca, el Tribunal Supremo de los Estados Unidos dijo: ''Es indudablemente cierto que un lunático o demente, dado el estado de su mente, puede no ser un testigo competente. Su incapacidad por ese fundamento, al igual que cualquiera otra causa de incapacidad, debe ser sometida a la consideración de la corte, y para ayudar a ésta en su resolución es admisible evidencia de su estado mental.'' Y después de tratar esa cuestión dijo: ''La regla general, por consiguiente, es que un lunático o persona demente puede declarar como testigo si tiene suficiente entendimiento para darse cuenta de la fe del juramento y si es capaz de hacer una relación correcta de las cuestiones que ha visto u oído con referencia a lo que se ventila; y si tiene o no tal entendimiento, es cuestión que deberá determinarse por la corte examinando a esta parte misma y a cualesquiera testigos hábiles que puedan declarar en relación con la naturaleza y alcance de su estado mental.'' En 26 A.L.R. 1491 se encuentra un extenso estudio de esa materia con citas de sentencias de muchos Estados. En dicho estudio se hace referencia en la página 1429 a decisiones al efecto de que un estatuto preceptivo de que todas las personas son testigos competentes excepto los que no tengan su mente sana no significa que una persona declarada loca no pueda ser un testigo competente dentro de la regla general.

Concretando ahora la cuestión a casos como el presente, de violación de mujeres locas o imbéciles, se ha declarado que

tal estado no establece *per se* que dicha mujer sea incompetente como testigo. En el caso de *Weeks* v. *State* (1915), 126 Md. 223, 94 Atl. 774, se permitió declarar a la mujer ofendida, que era una imbécil, y una corte de apelación sostuvo que esa declaración fué admisible porque el hecho de que se alegase o se demostrase que era una imbécil no la hace, necesariamente, una testigo incompetente, citando varios autores y sentencias.

La declaración del médico que hizo el estudio mental de Adela Cardona demostró a la corte que ella es capaz de hacer una relación correcta de las cosas que ha visto o ha oído con referencia a la cuestión en controversia y la declaración prestada por la perjudicada en el juicio confirmó plenamente lo dicho por el médico.

En vista de lo expuesto y de estar corroborada su declaración por otras pruebas, como aparece de las referencias que hemos hecho de los autos, *la sentencia apelada debe ser confirmada.*