EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX NIEVES MARZÁN, acusado y apelante.

No. 5395.—*Sometido:* Noviembre 23, 1934. *Resuelto:* Febrero 20, 1935.

154

*Armando A. Miranda,* abogado del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Con demasiada frecuencia hemos dicho a los letrados que es necesario que el alegato tenga una relación del caso; que no basta meramente hablar de la presentación de la acusación o de su contenido y sobre el juicio y la sentencia consiguiente. En varios casos civiles y criminales nosotros mismos hemos narrado concisamente los hechos esenciales que deben hacerse constar en un alegato. En el caso de *El Pueblo* v. *Benítez,* 47 D.P.R. 78, hicimos comentarios similares. Consideraremos las cuestiones más importantes.

El apelante, convicto del delito de violación, sostiene que si Maximina Ríos, la perjudicada, era tan idiota que las relaciones tenidas con ella por el acusado no podían considerarse que habían sido realizadas con el consentimiento de ella, entonces, por la misma razón, tampoco debía permitírsele que declarara contra él. Si el apelante estuviera en lo cierto, el permitir a la perjudicada ocupar la silla de los testigos sería un error fundamental. La cuestión, en términos generales, ha sido cubierta por nuestra opinión en el caso de *El Pueblo* v. *Frese,* 46 D.P.R. 429, así como por la opinión de la corte inferior y el alegato del fiscal. Véase especialmente 26 A.L.R. 1502, *et seq.* El principio envuelto es que la mujer puede declarar al igual que podría hacerlo un niño siempre que en uno u otro caso se demuestre suficiente inteligencia.

El Dr. Rodríguez declaró en efecto que el desarrollo psíquico de la perjudicada era tal que ella no podía darse cuenta de la naturaleza del acto o de sus consecuencias morales pero que ella tenía la inteligencia de un niño de ocho años.

La corte hizo un examen preliminar de su inteligencia. Ella pasó el examen muy bien y tanto durante el mismo como en el curso del juicio demostró suficiente cacumen, memoria y poder de identificación para demostrar su capacidad como testigo. Se acusó a varios hombres de haber tenido relaciones carnales con ella, uno tras otro. Ella los reconoció a todos y pudo decir el orden en que se le acercaron, además de poder describir dónde vivía, y las relaciones de ella para con su familia y especialmente con uno de los testigos. No hallamos error en que se admitiera su testimonio. Estas consideraciones cubren los señalamientos segundo y tercero.

El apelante se queja en el cuarto señalamiento de que la corte de distrito cometió error al declarar sin lugar una moción de *nonsuit*. Toda vez que no se dan detalles, el señalamiento es totalmente insuficiente. La cuestión principal que se discute es la falta de corroboración del testimonio de la perjudicada y del de Gerónimo Samó, supuesto cómplice que declaró en favor de ella.

Maximina Ríos fué corroborada por el estado de su ropa, respecto a lo cual declararon dos testigos y por lo que ella les dijo en primera oportunidad sobre lo que le había ocurrido. *El Pueblo* v. *Vázquez,* 40 D.P.R. 258; *El Pueblo* v. *Arenas,* 39 D.P.R. 16.

Gerónimo Samó fué uno de los hombres que yacieron con Maximina Ríos. El declaró que iba a obtener permiso del hermano de Maximina para llevársela a vivir con él. En el camino se encontraron con cuatro hombres más y todos ellos tuvieron comercio carnal con ella. Gerónimo Samó declaró que le obligaron a realizar el acto con ella amenazándole con una pistola y un *black-jack*.

El fiscal sostiene que cada uno de los acusados realizó un acto independiente de violación y que a lo sumo Gerónimo

Samó no fué un cómplice en el acto cometido por cada uno de los otros. Hay mérito en la contención pero tenemos una duda. Si los cinco hombres se confabularon para apoderarse de la mujer podría considerarse que cada uno de ellos aconsejó e incitó a los demás. Tal vez la súplica de que se diera la instrucción correspondiente hubiera despejado la duda.

Sin embargo, es claro que si Gerónimo fué obligado por las amenazas que se le hicieron con una pistola y un *black-jack,* entonces él no era en forma alguna un cómplice. Si el jurado le dió crédito, la cuestión pudo ser cubierta por una instrucción apropiada.

Además, según el fiscal sugiere en parte, si la declaración de Maximina Ríos fué suficientemente corroborada, como evidentemente lo fué, entonces su testimonio corroboraba el de Gerónimo Samó. Y el de éste corroboraba también el de ella. También a este respecto las instrucciones pudieron disipar cualquier posible dificultad.

■ Igualmente podríamos preguntarnos, sin resolverlo, si aun estando las declaraciones de Maximina Ríos y Gerónimo Samó solas y tendiendo éstas a demostrar la culpabilidad del acusado, si no podría considerarse que cada una de ellas corroboraba la declaración del otro. Nos parece que en cada caso la cuestión relativa a la suficiencia de la corroboración quizá podría someterse al jurado.

■ Se presentan señalamientos de error tanto porque la corte se negó a trasmitir ciertas instrucciones solicitadas como por la trasmisión de otras. No hallamos que se cometiera error. La mayoría de las instrucciones solicitadas y negadas fueron cubiertas por las instrucciones generales o fueron propiamente rechazadas.

■ Respecto a las instrucciones trasmitidas, no se dió oportunidad a la corte para corregirlas. *El Pueblo* v. *Mercado,* 46 D.P.R. 152; *El Pueblo* v. *Maldonado,* 45 D.P.R. 417; *El Pueblo* v. *Márquez,* 46 D.P.R. 333; *El Pueblo* v. *Gutiérrez,* 44 D.P.R. 29; *El Pueblo* v. *Macaya,* 43 D.P.R. 621; *El Pueblo* v. *Varela,* 42 D.P.R. 823.

■ Podemos comentar con el fiscal sobre una cuestión de suficiente importancia o sea respecto a si debe demostrarse que el acusado tenía conocimiento del estado mental de Maximina Ríos. Estamos de acuerdo con que en Puerto Rico, según nuestro estatuto, es innecesario conocer el estado mental. El estatuto no lo prescribe sino que dice que entre otras modalidades, se comete el delito de violación yaciendo con una mujer que no fuere la propia "si por demencia u otro defecto mental, temporal o permanente, estuviere incapacitada para consentir legalmente." El caso más análogo es el de *State* v. *Prokosch*, (1922) Minn. 187 N. W. 971.

Es cierto que en la acusación se expresó el elemento mental, mas convenimos con el fiscal en que esto era redundante.

*No hallamos que se cometiera error y la sentencia debe ser confirmada.*