EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO PORTALATÍN, JR., acusado y apelante.

Núm. 6944.—*Sometido:* Julio 19, 1938. *Resuelto:* Julio 28, 1938.

*E. Pérez Casalduc,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Antonio Portalatín, Jr., fué acusado por el Fiscal del Distrito de Arecibo de la comisión de un delito de seducción. Alegó que no era culpable y pidió juicio por jurados. Juzgado por éstos fué declarado culpable, imponiéndole la corte al dictar su sentencia un año y seis meses de presidio con trabajos forzados.

No conforme, apeló. Imputa en su alegato a la corte sentenciadora cinco errores, cometidos al declarar con lugar la recusación motivada del jurado Juan Abráms, al admitir en evidencia ciertas manifestaciones de la perjudicada y de la madre del acusado a través de la declaración del testigo Epifanio Dorta, al negarse a instruir al jurado que rindiera un veredicto absolutorio y al negarse a trasmitirle cierta instrucción propuesta por la defensa.

Sólo tendremos que examinar el segundo. Se formula así:

"Erró la corte inferior al admitir, como admitió, en evidencia las manifestaciones hechas por la presunta ofendida a su hermano

Epifanio Dorta, un mes o dos después de la fecha en que se alega se cometió el supuesto delito de seducción.''

El fiscal admite que fué cometido, pero sostiene que no es perjudicial.

Consta de los autos, que llamado a declarar Epifanio Dorta, hermano de la perjudicada, manifestó que habiéndose enterado de lo que le pasó a su hermana con el acusado fué donde ella y le preguntó y ''ella me dijo a mí, que estando buscando leña un poco retirado de la casa de papá me encontré con Antonio Portalatín, que la había engañado ofreciéndole palabras de casamiento.'' Cuando las manifestaciones se hicieron, habían transcurrido de uno a dos meses de perpetrado el acto.

Se opuso la defensa y la corte permitió que lo declarado quedara en el récord.

Es tan clara la regla de que una vez objetada, no debe admitirse evidencia de referencia, y era tan innecesaria la declaración, que no comprendemos cómo el fiscal insistió y la corte admitió la prueba de que se trata que, dado el tiempo transcurrido, no era posible comprender en la excepción que se hace para aquellos testimonios que forman parte del *res gestae.* *Pueblo* v. *Calventy,* 34 D.P.R. 390; *Pueblo* v. *Arenas,* 39 D.P.R. 16, 22; *Pueblo* v. *Blanco,* 40 D.P.R. 130; *Pueblo* v. *Alvarez,* 47 D.P.R. 161 y *Pueblo* v. *Nieves,* 48 D.P.R. 153.

En cuanto al perjuicio, tras una detenida consideración de todas las circunstancias concurrentes, la corte concluye que es inescapable la conclusión de que pudo el Jurado ser influenciado por la declaración objetada a los efectos de rendir su veredicto.

*Procede, por tanto, la revocación de la sentencia y la devolución de la causa a la corte de distrito de su origen para la celebración de un nuevo juicio.*