EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AUGUSTO RIVERA, acusado y apelante.

Núm. 10662.—*Sometido:* Diciembre 6, 1944. *Resuelto:* Marzo 12, 1945.

*Agustín E. Font* y *Arturo Rivera Ramos,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Augusto Rivera fué acusado por el fiscal de un delito de asesinato en segundo grado, convicto por un jurado del de homicidio voluntario y sentenciado por la Corte de Distrito de Ponce a cumplir tres años de presidio. En este recurso aun cuando el apelante imputa a la corte sentenciadora la comisión de diez errores consideramos que los mismos, en su mayoría, carecen de méritos. Son éstos aquéllos en que se alega que la corte erró al no permitir ciertas preguntas sugestivas, al permitir la declaración de un testigo cuyo nombre no aparecía al dorso de la acusación, al permitir una pregunta impertinente y otra que constituía una conclusión de hecho, al hacer constar en el récord el fiscal y la corte que un testigo después de pensar un rato no contestó una pregunta y al denegar la moción de nuevo juicio (no habiéndose apelado de esa resolución).

Consideraremos brevemente los restantes.

■ Se alega que la corte erró al denegar una moción sobre *mistrial.* Se funda en el hecho de que el fiscal al informar a la corte que iba a sentar las bases para impugnar la veracidad de un testigo dijo lo siguiente: "Y voy a meterlo, por perjurio, a la cárcel también". Es cierto que el fiscal impropiamente pronunció esas palabras, pero no lo es menos

que la corte inmediatamente dió al jurado una amplia instrucción y terminó diciéndole lo siguiente:

". . . Deben borrar todas esas manifestaciones de su mente, y resolver el caso por sus propios méritos y de acuerdo con la evidencia que se presente, y juzgar a cada testigo de acuerdo con su declaración y la forma en que declara, y no por lo que diga el Fiscal."

No obstante lo impropio de las palabras del fiscal consideramos que la corte actuó prontamente en defensa de los derechos del acusado y que por tanto no procedía decretar el *mistrial* solicitado.

Por el quinto y sexto señalamiento se sostiene que la corte erró al denegar prueba de la defensa sobre la mala reputación del interfecto y sobre manifestaciones de éste momentos antes de los sucesos que demostraban un propósito de agredir al acusado.

Esta prueba no fué rechazada por la corte en forma definitiva sino que condicionó su admisión en esta forma:

"Juez. La Corte cree que no debe permitir todavía la prueba sobre la reputación del interfecto hasta tanto se presente prueba por el acusado tendiente a demostrar la defensa propia; no es que no se permita, sino que la Corte cree que es prematuro todavía, conforme a lo resuelto por la jurisprudencia."

Y en cuanto a las manifestaciones del interfecto condicionó su admisión a que se demostrara que el acusado tenía conocimiento de ellas. Citó en apoyo de ambas decisiones los casos de *El Pueblo* v. *Lanausse,* 30 D.P.R. 732; *El Pueblo* v. *Varela,* 42 D.P.R. 823, y *Pueblo* v. *Quintana,* 50 D.P.R. 63.

De los autos aparece que la teoría del acusado fué que al agredir al interfecto actuó en defensa propia. Empero, en el momento en que trató de probar la mala reputación del interfecto y las palabras que se le atribuían aún no se había presentado prueba alguna tendiente a demostrar la defensa propia. De acuerdo con los casos citados[1] no erró la

---

[1] En el caso de *Lanausse,* ratificado posteriormente, resolvimos que: "Cuando no hay prueba de defensa propia o de que el homicidio era justificable, no procede admitir prueba de la reputación del interfecto como hombre peligroso."

corte y menos aún si tomamos en consideración el hecho de que posteriormente en el juicio y ya presentada la prueba sobre defensa propia se admitió por la corte la prueba sobre la reputación del interfecto y sobre la amenaza que había hecho. Es más, el propio acusado al declarar como testigo expuso ampliamente su conocimiento sobre la reputación del interfecto por hechos ocurridos en su presencia y además debido a los delitos por los cuales había sido sentenciado y asimismo declaró que se le había informado la amenaza que el interfecto había hecho de darle una paliza. Es obvio que no se cometieron estos errores.

■ Tampoco el último por haberse negado la corte a transmitir al jurado las instrucciones especiales solicitadas por la defensa. Esas instrucciones, en su mayoría, estaban comprendidas en las ya transmitidas por la corte al jurado y las demás eran claramente improcedentes pues están basadas en presunciones no admitidas por ley como justificativas de un homicidio.

*Debe confirmarse la sentencia apelada.*