EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO CALDERÓN RODRÍGUEZ, acusado y apelante.

*Numero:* CR-67-279      *Resuelto:* 8 de mayo de 1969

*Santos P. Amadeo* y *Ángel Viera Martínez*, abogados del apelante; *Rafael A. Rivera Cruz, Procurador General, J. F. Rodríguez Rivera, Subprocurador General,* y *Elpidio Arcaya, Procurador General Auxiliar*, abogados en El Pueblo.

PER CURIAM: El apelante le hizo varios disparos de revólver al ser humano Rubén Darío Moreira Drew infiriéndole una herida que le ocasionó la muerte. Fue acusado de asesinato en primer grado. Celebrado el juicio en los méritos, un jurado le declaró culpable de asesinato en segundo grado y fue sentenciado a la pena indeterminada de 12 a 20 años de presidio con trabajos forzados. [1]

---

[1] La prueba de cargo, suscintamente expuesta, estableció lo siguiente: Para el 28 de enero de 1962 el acusado era policía estatal y residía en la calle Marina del barrio Amparo de Río Piedras donde también residía Rubén Darío Moreira Drew con su esposa e hijos. Ese día se celebró un almuerzo en la casa del acusado y allí se usaron bebidas alcohólicas. Moreira Drew salió temprano con su familia a pasarse el día en casa de un hermano y regresó al obscurecer. Después de llegar a su casa y despojarse de alguna ropa bajó y se puso a hablar con una niña pequeña y los padres de ésta. En esa conversación Rubén Darío hizo alusión, en forma de protesta, a los automóviles que allí se estacionaban. El acusado Calderón bajó del balcón

Señala que el tribunal sentenciador cometió error (1) al declarar sin lugar la moción solicitando la disolución del jurado, ya que el fiscal, al exponer su teoría al jurado, le dijo a éste que el acusado-apelante había sido expulsado de la Policía, privándole así de su derecho a un juicio imparcial, y (2) al negarse a disolver al jurado a petición de la defensa en vista de la conducta impropia del fiscal al traer al proceso materias extrañas al mismo, provocando una serie de incidentes entre el Ministerio Público y la defensa que imposibilitaron la celebración de un juicio justo e imparcial para el acusado.

Al comenzar a exponer su teoría al jurado el fiscal dijo que se proponía dejar establecido que para el 28 de enero de 1962 (fecha en que ocurrieron los hechos) el acusado Pedro Calderón Rodríguez era policía estatal de Puerto Rico y que posteriormente fue expulsado de ese cuerpo. El apelante solicitó, por ese motivo, la disolución del jurado. Inmediatamente el juez instruyó al jurado así:

"Damas y caballeros del jurado no deben tomar en consideración las manifestaciones del Fiscal al extremo de que el acusado fue expulsado de la policía, en absoluto deben tomar en consideración al mencionar ese hecho en la exposición de la teoría. También, deseo advertirles, a las damas y caballeros del jurado, que la teoría tanto del pueblo como de la defensa, cuando se ofrece y expone no es prueba sino que más bien es el caso que el Fiscal o la defensa ofrecen a ustedes que van a probar, que según ellos tienen la prueba para sostenerla, eso no es prueba

---

de su casa y sostuvo una discusión con Rubén Darío. El acusado se despojó de su camisa y asestó un puñetazo a Rubén derribándolo. Bajó la esposa de éste e intervino aconsejando a Rubén que regresara a la casa. Cuando esto hacían, el acusado, quien se había dirigido a su casa, regresó con un revólver en las manos. Rubén Darío le dijo a su esposa que subiera a la casa y se encerrara.

Estando el acusado de frente a Rubén Darío, éste con las manos vacías puestas en su espalda, aquél le dijo que iba a contar hasta tres. Comenzó a contar y a disparar hacia Rubén, quien permanecía quieto y con sus manos en la posición ya dicha. Uno de los disparos hirió mortalmente a Rubén, falleciendo más tarde.

es solamente un ofrecimiento en el cual basan su caso. Vuelvo y repito, borren de sus mentes esa manifestación del Fiscal y él no debe referirse a ese hecho." (Informe Procurador General, págs. 2 y 3.)

■ No fue correcta la alusión hecha por el fiscal a un hecho que el jurado no podía considerar para determinar la culpabilidad o inocencia del acusado. Sin embargo la pronta intervención del juez al instruir al jurado en la forma ya expuesta y la manera en que se desarrolló este largo proceso que duró alrededor de once días, no nos convence de que al acusado se le privara de su derecho a un juicio imparcial. En este caso no se nos ha demostrado que el acusado sufriera un daño positivo o que se hayan perjudicado sus derechos sustanciales ni menos que no haya tenido un juicio justo e imparcial. No abusó de su discreción el juez que presidía el juicio al negarse a disolver el jurado por el motivo apuntado. *Pueblo* v. *Ruiz*, 79 D.P.R. 957 (1956); *Pueblo* v. *Díaz*, 74 D.P.R. 375 (1953); *Pueblo* v. *Rivera*, 64 D.P.R. 652 (1945). La teoría del caso no tenía valor probatorio alguno y así se le explicó por el juez al jurado. *Pueblo* v. *Sevilla Canales*, Sentencia de 29 de marzo de 1968. Este incidente no es suficiente para anular el veredicto.

En la exposición de su teoría el fiscal dijo al jurado: "Allá en la mañana como en otros días anteriores, una vecina había visto a este acusado dispararle a un gato y matarlo, cosa que estaba generalizada en esa localidad. . . ." La defensa se opuso y en ausencia del jurado se discutió su solicitud para que se disolviera el jurado. Luego de un receso el juez instruyó al jurado en la siguiente forma:

"Hon. Juez:

En el momento del receso estaba planteada al Tribunal la disolución del jurado. *El Fiscal como ofrecimiento de prueba en su teoría manifestó que el acusado había realizado determinados actos en ocasión de dispararle a un gato.* El Tribunal entiende que así ofrecido eso en esta etapa del proceso, en esa forma, *que*

*la misma es inadmisible.* Por consiguiente se les instruye a las damas y caballeros del jurado que no tomarán en cuenta esas manifestaciones del Fiscal, les subrayo que la teoría tanto de El Pueblo como de la defensa cuando se ofrece y expone no es prueba sino que más bien es el caso que la defensa o el Fiscal ofrecen a ustedes que va a probar, *que según ellos tienen la prueba para sostenerlo,* eso no es prueba, es solamente un ofrecimiento en el cual basan su caso. Vuelvo y repito, borren de sus mentes esas manifestaciones del Fiscal. *Se declara sin lugar la moción de disolución del jurado planteada por la defensa.''* (Énfasis en el original.) (Alegato apelante, págs. 13, 14.)

La testigo de cargo Benita Díaz declaró que observó al apelante en horas de la mañana atropellando un gato con un revólver. La defensa solicitó la eliminación del interrogatorio. El tribunal permitió el testimonio en cuanto a que la testigo vio al apelante con un revólver y sostuvo la objeción de la defensa en cuanto al atropello del gato. Sin embargo en el contrainterrogatorio la testigo declaró más de una vez sobre el incidente del gato y la defensa no solicitó la eliminación de ese testimonio. Por lo tanto, en cuanto a ese particular, el fiscal no introdujo en la exposición de su teoría, elementos ajenos a la prueba. *Pueblo* v. *Fournier,* 80 D.P.R. 390 (1958).

El estudio de la transcripción de la evidencia, especialmente las páginas 127 a 146 a que alude el apelante en su alegato, no demuestra que en este caso el informe del fiscal tendiera a privar al apelante de un juicio imparcial. Las incidencias de este proceso son distintas a las de los casos de *People* v. *Steinhardt,* 9 N.Y.2d 267 y *Berger* v. *United States,* 295 U.S. 78, citados por el apelante por lo que los mismos son distinguibles.

Finalmente apuntamos que al transmitir sus instrucciones al jurado el juez les dijo:

"En estos momentos, Damas y Caballeros del Jurado, quiero recordarles las instrucciones que les he transmitido a lo largo de este proceso. Ustedes van a resolver este caso, van a resolverlo

266

considerando las alegaciones que se les han presentado y a base de la prueba que ha desfilado en este proceso. De acuerdo con esa prueba, el crédito que les merezca, tanto la de El Pueblo como la de la defensa y de acuerdo con estas instrucciones que les he transmitido. No puede tener ningún peso ante ustedes el hecho de que él haya sido policía en lo que respecta a la consideración que deben darle a su caso. Si es culpable o no, el hecho de que haya sido policía o no es una circunstancia que deben borrar de vuestras mentes al pesar la culpabilidad o inocencia de este acusado.

A pesar de que ambas partes se refirieron a este aspecto a que voy a hacer mención . . . la defensa objetando porque se utilizase dicho hecho para impresionarlos a ustedes o influenciar vuestras actitudes hacia el acusado, según dijo; y el Fiscal haciendo referencia a lo mismo también, les reitero la instrucción que anteriormente les transmití que el hecho que el acusado hubiera matado un gato no puede tener peso alguno en vuestra conciencia y en vuestra consideración. Vuestra obligación es pasar sobre la prueba que ha pasado y ha desfilado en esa silla de testigos para determinar la credibilidad que les merece para finalmente determinar si este acusado es culpable fuera de toda duda razonable." (Informe Procurador General, pág. 9.)

*Por las razones expuestas se confirmará la sentencia apelada.*

El Juez Asociado Señor Hernández Matos no intervino.