## ARTHUR B. HOOKS v. THE STATE.*

### (*Knoxville*, September Term, 1926.)

Opinion filed November 20, 1926.

1. **HOUSEBREAKING.** **Attempt to commit a felony.**

An indictment for housebreaking, with an attempt to commit a felony under section 6535, Thompson's-Shannon's Code, must set out and define the felony intended to be committed. (Post, p. 44.)

Citing: State v. Williamson, 50 Tenn. (3 Heisk.) 483; State v. Shelton, 90 Tenn. 539.

2. **SAME.** **Same.**

Upon a charge of housebreaking with an attempt to commit rape, such a felonious attempt is an essential element and must be proven. (Post, pp. 44, 45.)

Citing: McNair v. State, 53 Ala. 453; Robinson v. State, 53 Md. 151; Mitchell v. State (Tex.), 24 S. W. 280, 28 S. W. 475, 9 C. J. 1079.

3. **CRIMINAL LAW.** **Supreme court practice.** **Reversal and remand.**

This court on reversal may remand defendant into custody, to permit the District Attorney-General to bring another indictment, where evidence indicates probable guilt of a kindred offense, as violation of the age of consent law. (Post, p. 46.)

---

*As to necessity of specifying felony intended to be committed in indictment for burglary, see 4 R. C. L. 436; 1 R. C. L. Supp. 1140; 4 R. C. L. Supp. 270.

---

*Headnotes 1. Burglary, 9 C. J., section 58; 2. Burglary, 9 C. J., sections 50, 121; 3. Burglary, 9 C. J., sections 51, 121, 138; 4. Burglary, 9 C. J., section 138.

---

FROM ANDERSON.

---

Appeal in error from Circuit Court of Anderson County.—HON. W. H. BUTTRAM, Judge.

W. Y. BOSWELL, for appellant.

FERRISS C. BAILEY, Assistant Attorney-General, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was indicted for attempting to break into and enter the mansion house of R. F. Gibbs in the nighttime with the intention to then and there unlawfully have carnal knowledge of one Ella Gibbs forcibly and against her will. He was convicted and given one year in the penitentiary and has appealed in error to this court.

We are of opinion that the evidence does not sustain conviction of the offense charged in this indictment.

An indictment for house breaking with intent to commit a felony, under section 6535, Thompson's-Shannon's Code, must set out and define the felony intended to be committed. *State* v. *Williamson,* 50 Tenn. (3 Heisk.), 483; *State* v. *Shelton,* 90 Tenn., 539.

As the particular felonies intent alleged is an essential element of the crime it must be proven. Here the felonious intent charged was rape. Upon a charge of burglary with intent to commit rape, the authorities are uniform that it must appear that the defendant intended to use force. *McNair* v. *State,* 53 Ala., 453; *Robinson* v. *State,* 53 Md., 151, 36 Am. Rep., 399; *Commonwealth* v. *Doherty,* 10 Cush. (Mass.), 52; *Mitchell* v. *State* (Tex.), 24 S. W. 280, 28 S. W., 475, 9 C. J., 1079. The Alabama

case and the Texas case are directly in point. The Maryland case and the Massachusetts case recognize the rule stated.

Evidence introduced by the State in this case tends to show that the plaintiff in error had improper designs, or at least improper desires, with respect to the Gibbs girl, and that he had so expressed himself to different parties. She testified that after she had retired, sleeping in a room up stairs, she heard some one at her window on the roof of the porch, attempting to loosen the wire screen. She went down stairs, called her father, and he and the girl both returned to the room. The screen had been partially loosened and the father looked out the window. He saw a man just to one side of the window on the roof of the porch. The man ran along the roof and the father and the daughter went to another window and saw him again before he jumped off the roof on to the ground. Both thought that plaintiff in error was the man they saw. There was some other evidence offered by the State which need not be detailed.

The plaintiff in error utterly denied making any attempt to enter the house and undertook to prove an alibi on this occasion. Several members of his family testified that he was at home. He also denied expressing any improper desires with reference to the girl.

Of course, any issue of fact was for the jury. We see no evidence at all, however, that the plaintiff in error had any intention to overcome the girl by force. We think the proof indicates the contrary and that he intended to effect his end by solicitation after he had gotten into her room. He was a neighbor and doubtless knew the habits of the family. He knew that the girl's

father was in the house. Had plaintiff in error expected to use force upon the girl, surely he would have selected another place. She testified that he was at the window and had the screen partially loose when she went down stairs. He made no effort, however, to threaten her or detain her. It is scarcely possible to think that plaintiff in error expected to employ force upon the girl in her own house with her father just at hand.

The judgment below must be reversed. Since there is much evidence that the plaintiff in error did attempt to break into this house with intent to have carnal knowledge of the girl in violation of the age of consent law, he will be held in custody or under bond to the next term of the court below to permit the District Attorney-General to bring another indictment if he sees proper.