EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ N. BLANCO, acusado y apelante.

No. 3701.—*Sometido:* Feb. 26, 1929. *Resuelto:* Nov. 8, 1929.

*Román Díaz Collazo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

José N. Blanco fué convicto de un delito de violación, y se queja de la admisión de supuesta prueba de referencia.

█ Eminé Pérez Gutiérrez, la perjudicada, es sobrina de la esposa del acusado, y vivía en la casa de éste cuando se perpetró el delito. Se le interrogó sobre lo que le había dicho la tía cuando la testigo la informó de lo que había hecho el acusado. La respuesta fué al efecto de que la tía había amenazado matar a la niña si comunicaba a alguien lo ocurrido. Semejante declaración no constituye prueba de referencia. 3 *Wigmore on Evidence* 770, sección 1766, 2ª edición.

█ Antonia Mirella Pérez, hermana de la perjudicada, declaró en torno a lo que Eminé le había dicho en la primera oportunidad, un año (o tal vez más) después de la comisión del primer delito. En el lapso de tiempo transcurrido, Eminé estuvo prácticamente presa bajo el dominio físico del acusado. Ella—niña de tierna edad—estaba entre extraños, viéndose inducida al silencio por amenazas de violencia física. El acusado vivía en San Juan. La madre y la hermana de la perjudicada residían en Ponce. Ella no podía escribir, ni había de quién valerse para comunicarse con su mamá y su hermana. No demoró el relato de su historia cuando su hermana vino a San Juan. El acusado había repetido a intervalos el delito hasta que llegó la hermana. Bajo esas circunstancias, creemos que las manifestaciones que hizo a la hermana cuando ésta vino, forman parte del *res gestae.* 22 R. C. L. 1216–1217, sección 50; *El Pueblo* v. *Calventy,* 34 D.P.R. 390; *El Pueblo* v. *Arenas Alemañy,* 39 D.P.R. 16.

█ Al terminar el fiscal de practicar su prueba a las seis menos diez minutos de la tarde, la corte se declaró en receso hasta las ocho y media de la noche. Dictada la resolución, la defensa pidió a la corte que continuara en sesión a fin de que se oyera la declaración de un testigo del acusado. El señor letrado manifestó que el testigo era un celador nocturno y no podía comparecer a la sesión de la noche, que se trataba de un testigo material, y que de no permitírsele declarar in-

mediatamente, el acusado se vería privado de su testimonio. Se señala como error el que el juez que presidió la vista del caso se negara a acceder a esa solicitud.

El sereno había estado presente en el juicio durante todo el día, y pudo haberse hecho una solicitud para que se le permitiera declarar en cualquier momento antes de que el fiscal terminara de practicar su prueba. Aun después de haberse negado el juez de distrito a prolongar la sesión de la tarde, pudo haberse obtenido una orden conminando al testigo a que compareciera. Los autos no revelan la naturaleza de la declaración que se esperaba de esta procedencia, y no se ha demostrado que hubiera perjuicio. En todo caso, no hallamos abuso de discreción en la actitud asumida por el juez sentenciador.

La cuarta y última contención del apelante es que la corte inferior erró al instruir al jurado, y al negarse a dar ciertas instrucciones solicitadas por la defensa. Un examen de las instrucciones dadas, de las instrucciones especiales denegadas, y de los motivos de la negativa, no revela error alguno que justifique la revocación.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.