EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CLEMENTE RAMÍREZ, acusado y apelante.

No. 4260.—*Sometido:* Diciembre 16, 1930. *Resuelto:* Enero 21, 1931.

748

*José Veray Jr.*, abogado del apelante; *R. A. Gómez*, abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se acusó al apelante de haber penetrado en la casa de María Lassalle con la intención de cometer violación en

la persona de ella. Respecto a la objeción presentada contra la suficiencia de la acusación podemos decir que si bien no basta alegar el propósito de cometer "un delito grave", cuando se describe el delito grave en particular no han menester ulteriores detalles. *People* v. *Goldsworthy,* 130 Cal. 600, 62 Pac. 1074; *People* v. *Burns,* 63 Cal. 614; *State* v. *Gay,* 25 La. Ann. 472; *Commonwealth* v. *Doherty,* 10 Cush. 52; *State* v. *Staton,* 133 N.C. 642, 45 S.E. 362; *State* v. *Celestine,* 138 La. 407. En el delito de escalamiento tal cual fué imputado, la penetración es el elemento principal, y al acusado se le da suficiente aviso si se le informa en términos generales de su supuesto propósito de cometer el delito particular que se describe.

De la prueba practicada en este caso un jurado en Aguadilla tenía derecho a creer que el acusado Clemente Ramírez penetró en la casa de María Lassalle, donde ella vivía con sus dos hijos Antonio y León Pérez; que la casa estaba cerrada; que el acusado no sólo abrió una puerta de la cocina sino que penetró en la habitación de María Lassalle, posó la mano en uno de sus senos, y, al ella hacer luz con un fósforo, le agarró uno de sus molleros; que ella se levantó; que reconoció al acusado en aquel momento y llamó a sus hijos, quienes también lo vieron. Entonces él salió de la casa apresuradamente por la puerta de la cocina por que había entrado.

■ El segundo señalamiento de error se refiere a la negativa de la corte a eliminar la declaración de Manuel Hernández. La teoría de esa admisión era que sus manifestaciones, aunque de referencia, formaban parte de la *res gestae.* En la mañana del día siguiente al supuesto escalamiento, María Lassalle vió a Manuel Hernández pasar frente a su casa, y lo llamó, según declararon ella y uno de sus hijos, diciéndole que ella deseaba que él sirviera de testigo en el caso. Al ocupar la silla testifical, él repitió lo que ella le había dicho en cuanto a la alegada penetración. No hubo prueba de nin-

guna oportunidad anterior de parte de María Lassalle para quejarse a alguna otra persona fuera de sus propios hijos. Su queja (*outcry*) estaba lo bastante íntimamente relacionada con el hecho principal para que su admisión estuviera justificada, de acuerdo con los principios enunciados en varios casos de este tribunal. *El Pueblo* v. *Anglada,* 20 D.P.R. 11; *El Pueblo* v. *Arenas,* 39 D.P.R. 16; *El Pueblo* v. *Blanco,* 40 D.P.R. 130.

El tercer señalamiento de error es así: "Cometió error la corte de distrito al aceptar el veredicto del jurado, por ser éste contrario a la prueba." Quizá este señalamiento sea algo general para abarcar la principal duda que hemos tenido en este caso, a saber, si se probó suficientemente la intención de cometer violación. Algunos tribunales, aunque los hechos tal vez fueron un poco menos fuertes, han revocado casos en que se convencieron de que no se probó realmente la intención de cometer violación. *Hays* v. *State,* (86 Tex. Cr. R. 349) 217 S.W. 938; *Hooks* v. *State,* (154 Tenn. 43) 289 S.W. 529; *Mitchell* v. *State,* 24 S.W. 280. Por otra parte, cuando existen prueba y circunstancias que justifiquen la imputación del propósito de cometer violación, la determinación de tal propósito debe dejarse al jurado. *People* v. *Kuches,* 120 Cal. 566 (52 P. 1002); *Harvey* v. *State,* (53 Ark. 425) 14 S.W. 645; 9 C.J. 1078 *et seq.*

La definición del delito de violación, en cuanto se relaciona con los hechos de este caso, es como sigue:

"Artículo 255. Se comete violación, yaciendo con una mujer que no fuere la propia, en cualquiera de los casos siguientes:

"1.  *  *  *  *  *  *  *

"2.  *  *  *  *  *  *  *

"3. Si estuviere impedida de oponer resistencia a causa de amenazas de grave e inmediato daño corporal, acompañadas de la aparente aptitud para ejecutarlas, etc.

"4. Si opusiere resistencia, pero ésta fuere vencida por fuerza o violencia.

"5. Si al tiempo de cometerse el acto, no tuviere ella conciencia de su naturaleza, y esta circunstancia fuere conocida por el acusado."

Clemente Ramírez penetró en la casa de María Lassalle durante la noche, mientras es de presumirse que ella estuviera dormida. Ella se despertó y desplegó fuerte resistencia. Tal resistencia pudo haber frustrado un designio anterior del acusado. El puso su mano en el seno de ella, y después en su mollero. La prueba tendió a demostrar que ocasionalmente ella era visitada por un amante, de Mayagüez, pero que ella no sostenía relaciones con ningún otro hombre. La defensa interpuesta fué la de coartada, y no se dió explicación alguna por la presencia del acusado en la casa. La corte dió cuidadosas instrucciones al jurado sobre la necesidad de establecer la intención. No estamos en condiciones de decir que el jurado no tuviera derecho a inferir que la intención del acusado fué la de cometer violación; en otras palabras, que él tenía tal intención al penetrar en la casa, y le fué frustrada. Nada hubo, como en algunos de los otros casos, que revele la más leve relación anterior o estímulo de parte de María Lassalle.

El cuarto señalamiento de error se refiere a la negativa de la corte a permitir que se leyera la declaración prestada ante el fiscal por María Lassalle, mientras ese funcionario investigaba los hechos constitutivos del supuesto delito. A María Lassalle no se le preguntó en la silla testifical si ella había hecho alguna manifestación inconsistente con la declaración por ella prestada durante el juicio. No se sentó en forma alguna la base para la supuesta contradicción, aun en el supuesto de que el fiscal estuviera obligado a producir su copia escrita de las manifestaciones de la testigo.

*Debe confirmarse la sentencia apelada.*