IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## MARVIN ANTHONY MATTHEWS v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County
No. 5971    Joe H. Walker, Judge**

**No. W2005-01504-CCA-R3-HC  - Filed November 30, 2005**

The Petitioner, Marvin Anthony Matthews, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G . HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Marvin Anthony Matthews, pro se.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of second degree burglary as a result of a 1983 indictment returned by the Grand Jury of Shelby County.  This offense was subsequently used to declare him a habitual criminal in 1988.  The Petitioner is presently serving a life sentence as a result.  *See*

*Marvin Anthony Matthews v. State,* No. 16, 1990 WL 2862, *1 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. to appeal denied,* (Tenn. May 14, 1990). As noted by the lower court, the Petitioner has unsuccessfully made numerous collateral attacks on his convictions and sentences resulting in the habitual criminal status. *See, e.g., Marvin Anthony Matthews v. State,* W2004-02209-CCA-R3-HC, 2005 WL 578821, *1 (Tenn. Crim. App. at Jackson, Mar. 11, 2005) (habeas corpus relief as not stating cognizable ground for relief); *Marvin Anthony Matthews v. State,* No. W2003-02980-CCA-R3-PC, 2004 WL 1159585, * 1 (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction relief denied as barred by statute of limitations); *Marvin Anthony Matthews v. State,* No. W2003-00106-CCA-R3- CO, 2003 WL 23100812, * 1 (Tenn. Crim. App., at Jackson, Dec. 31, 2003) (habeas corpus relief denied as being filed in wrong venue and as not stating cognizable claim for relief); *Marvin Anthony Mathews v. State,* No. W2000- 01893-CCA-R3-PC, 2002 WL 1482780, *1 (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction relief denied as barred by statute of limitations); *Marvin Matthews v. State,* No. W1999-00833-CCA-R3-PC, 2001 WL 394868, * 1 (Tenn. Crim. App., at Jackson, Apr. 17, 2001) (post-conviction relief denied as barred by statute of limitations); *Marvin A. Matthews v. State,* No. 02C01-9206-CC-00141, 1993 WL 84558, *1 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (habeas corpus relief denied for failure to state cognizable claim for relief); *Marvin Anthony Matthews v. Charles C. Noles,* No. 02C01-9206-CC-00140, 1993 WL 26546, * 1 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. to appeal denied,* (Tenn. Jun. 1, 1993)(habeas corpus relief denied as not stating ground for relief). The Petitioner is currently confined in the West Tennessee State Penitentiary in Henning, Tennessee.

On June 8, 2005, the Petitioner filed a petition for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, the Petitioner alleged that the judgment of conviction is void due to the insufficiency of the indictment. Specifically, the Petitioner contends that the indictment charged the statutory elements of second-degree burglary and did not specify the particular felony the Petitioner intended to commit once inside the residence, *i.e.,* larceny. He asserts that this failure deprived the trial court of jurisdiction. The trial court denied relief on June 13, 2005, finding that the indictment against the Petitioner was sufficient. The court further concluded that the Petitioner's sentences have not expired and that the criminal court had jurisdiction or authority to sentence a defendant to the sentence received. A timely notice of appeal document was filed.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer,* 851 S.W.2d at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing

T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

It is well established that, in most instances, challenges to the sufficiency of an indictment cannot be tested in a habeas corpus proceeding. *See Haggard v. State,* 475 S.W.2d 186, 187-88 (Tenn. Crim. App.1971). However, because a valid indictment is essential to vest jurisdiction in the convicting court, an indictment that is so defective that it fails to invest jurisdiction may be challenged in a habeas corpus proceeding. *State v. Wyatt,* 24 S.W.3d 319, 320-23 (Tenn. 2000); *see also State v. Nixon,* 977 S.W.2d 119 (Tenn. Crim. App.1997) (if an indictment fails to state an offense, the subsequent conviction is void because no crime is before the court and the court lacks jurisdiction). An indictment must provide sufficient information "(1) to enable the accused to know that accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill,* 954 S.W.2d 725, 727 (Tenn. 1997). The indictment challenged reads:

> FIRST COUNT:
> The GRAND JURORS of the State of Tennessee . . . present that
> WILLIE GENE WILLIAMS and MARVIN MATTHEWS
>
> . . . on the 29 day of October A.D., 1982. before the finding of this Indictment . . . did commit the offense of burglary in the 2nd degree by unlawfully, feloniously and burglariously breaking into and entering THE MANSION HOUSE OF JAMES COPELAND
>
> in the day time with intent unlawfully, feloniously and burglariously to steal, take and carry away the personal property therein contained, the proper goods and chattels of JAMES COPELAND
>
> with the intent to convert the same to their own use and to deprive the true owner thereof
>
> against the peace and dignity of the State of Tennessee.

An indictment for burglary must set forth and define the felony intended to be committed. *Hood v. State,* 154 Tenn. 43, 289 S.W. 529 (1926). That is precisely what the indictment did. The challenged count stated the facts constituting the offense in a manner that "a person of common understanding" would know what was intended. Under the law as it existed at that time, the indictment was sufficient to put the Petitioner on notice of the crime charged. Language charging the offense of burglary identical to that challenged in the present case has been held sufficient by this Court. *See, e.g., Ronald L. Parker v. Billy Compton,* No. 96-7652, 1997 WL 8891, *1 (Tenn. Crim. App., at Jackson, Mar. 4, 1997) (*order*) (approving indictment charging second degree burglary). The trial court properly determined that the Petitioner was not entitled to habeas corpus relief on this basis.

3

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE