IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**GREGORY HEDGES v. DAVID MILLS, WARDEN**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5968     Joe H. Walker, III, Judge**

_____

**No. W2005-01523-CCA-R3-HC  - Filed January 26, 2006**

_____

The Petitioner Gregory Hedges appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory Hedges, pro se.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

In 1985, Petitioner Hedges participated in an armed robbery in Greenville, Tennessee. *See Gregory Hedges v. Tennessee Dept. of Correction*, No. M2002-00140-CO1-R3-CV, 2002 WL 31890869, *1 (Tenn. App., at Nashville, Dec. 31, 2002).  As a result of his involvement, a jury later convicted the Petitioner of first degree burglary, two counts of aggravated assault, two counts of aggravated kidnapping, and two counts of armed robbery.  *Id.* For these convictions, the trial court

1

imposed an effective sentence of ninety-six years confinement. *Id.* This Court affirmed the convictions and sentences on direct appeal. *See State v. Gregory Hedges*, No. 252, 1987 WL 9535, at *1 (Tenn. Crim. App., at Knoxville, Apr. 15, 1987), *perm. to appeal denied*, (Tenn. Sept. 4, 1987). This Court later vacated the Petitioner's conviction for grand larceny due to a double jeopardy violation during an appeal of the denial of post-conviction relief but otherwise affirmed the judgment of the post-conviction court. *Gregory Hedges v. State*, No. 03C01-9112-CR-00379, 1993 WL 73723, at *1 (Tenn. Crim. App., at Knoxville, Mar. 10, 1993), *perm. to appeal denied*, (Tenn. Jul. 12, 1993) (post-conviction relief granted in part, denied in part). All other convictions were affirmed. Numerous other collateral attacks made by the Petitioner have proven unsuccessful. *See, e.g., Timothy Bickers v. State*, No. E2002-02887-CCA-R3-PC, 2004 WL 34509, at *1 (Tenn. Crim. App., at Knoxville, Jan. 7, 2004), *perm. to appeal denied,* (Tenn. May 10, 2004) (post-conviction relief denied); *Gregory A. Hedges v. State*, No. E2002-02610-CCA-R3-PC, 2003 WL 22426831, at *1 (Tenn. Crim. App., at Knoxville, Oct. 24, 2003) (*coram nobis* relief denied); *State v. Gregory A. Hedges*, No. E1999-01350-CCA-R3-CD, 2000 WL 1478569, at *1 (Tenn. Crim. App., at Knoxville, Oct. 6, 2000), *perm. to appeal denied*, (Tenn. Apr. 24, 2001) (habeas corpus relief denied); *Timothy Bickers v. State*, No. 03C01-9706-CR-00218, 1998 WL 661528, at *1 (Tenn. Crim. App., at Knoxville, Sept. 25, 1998), *perm. to appeal denied*, (Tenn. Mar. 8, 1999)(post-conviction relief denied).

On May 31, 2005, the Petitioner filed an application for writ of habeas corpus relief, alleging that the judgments of conviction against him were void because (1) all seven counts of the indictment were legally insufficient in that none allege that the offenses were committed "prior to the finding of the indictment," (2) counts one, two, three, four, six and seven are insufficient in that these counts were not endorsed as a "true bill," (3) count one, charging the Petitioner with first-degree burglary, is fatally defective in that it failed to define the felony intended to be committed; (4) the trial court imposed sentences that exceeded the provisions of the 1982 Sentencing Act, (5) *Blakely v. Washington* renders all counts of the indictment defective because every fact essential to the maximum sentence imposed was not charged in the indictment nor found by the jury, and (6) the indictments are void because they fail to state the qualifications of the grand jurors. By order entered June 13, 2005, the lower court denied habeas corpus relief, finding that the indictments against the Petitioner were sufficient. The lower court further found that the Petitioner's sentences had not expired and that the court had jurisdiction to sentence the Petitioner to the sentences he received. Petitioner timely filed a notice of appeal document. On appeal before this Court, the Petitioner limits this Court's review to his challenges regarding the sufficiency of the indictment.[1]

---

[1]

The Petitioner has elected not to seek this Court's review of his claims that (1) the decision in *Blakely v. Washington* has rendered his sentences void and (2) the sentences imposed by the trial court were illegal as they exceeded the statutory maximum sentences permissible for the offenses. Notwithstanding, we note that such claims would not have entitled Petitioner to habeas corpus relief. First, any claim that his sentences were enhanced in violation of his right to a jury trial would render the judgment voidable and not void. *See, e.g., Wayford Demonbruen, Jr. v. State,* No. M2004-03037-CCA-R3-HC, 2005 WL 1541873 (Tenn. Crim. App., at Nashville, June 30, 2005); *Stanley Harvell v. Glen Turner,* No. W2004-02643-CCA-R3-HC, 2005 WL 839891 (Tenn. Crim. App., at Jackson, Apr. 12, 2005); *Earl David Crawford*

(continued...)

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution. *Roger L. Hickman v. State*,153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will only be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968).

The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Hickman,* 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)); *Passarella*, 891 S.W.2d at 619.

The State asserts that the petition for habeas corpus relief should be dismissed as the Petitioner failed to attach the judgment forms to the petition, a requirement under section 29-21-107(b)(2), and because the Petitioner failed to produce a copy of his prior petition for habeas corpus relief and the "proceedings thereon," a requirement under section 29-21-107(b)(4). *See State ex rel. Wood v. Johnson*, 216 Tenn. 531, 393 S.W.2d 135, 136 (Tenn. 1965). The trial court denied relief on the merits before receiving the State's response. Accordingly, while the State's position is correct, it was within the discretion of the lower court to determine the petition on the merits. *See Hickman*, 153 S.W.3d at 21. Likewise, this Court should not base its review on grounds not applied by the lower court. *Id. at* 22.

The Petitioner first asserts that the indictment is insufficient because (1) the counts fail to state that the crimes were committed prior to the finding of the indictments, (2) five of the six counts of the indictment were not endorsed as "a true bill," (3) count one charging first degree burglary fails to define the felony intended to be committed and (4) the indictment failed to recite the qualifications

---

[1](...continued)
*v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106 (Tenn. Crim. App., at Nashville, Feb. 15, 2005). Moreover, although the judgments of conviction are absent in the record before this Court, this Court's prior opinion on direct appeal reflects that Hedges was convicted and sentenced as a Range I standard offender as follows: (1) first degree burglary-ten (10) years, (2) aggravated assault-six (6) years, (3) and (4) aggravated kidnapping-forty (40) years each, (5) and (6) armed robbery-thirty-five (35) years each, (7) grand larceny-six (6) years. All of these sentences were within the sentencing range for the individual offenses prescribed by the applicable law.

3

of the grand jurors. Claims regarding defects in the indictment must be raised before trial, unless the claim relates to the trial court's lack of jurisdiction or the failure to charge an offense. *See State v. Nixon*, 977 S.W.2d 119 (Tenn. Crim. App. 1997). Accordingly, the Petitioner's allegations that the indictment failed to state that the crimes were committed prior to the finding of the indictment, that five of the six counts of the indictment were not endorsed as "a true bill," and that the indictment failed to allege the qualifications of the grand jurors, even if true, do not deprive the trial court of jurisdiction. The failure of the Petitioner to raise these issues before trial constitutes a waiver of the issues. *See* Tenn. R. Crim. P. 12(b)(2); *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000); *see also State v. Brown,* 53 S.W.3d 264, 279 (Tenn. 2000); *William Perry Thompson v. Howard Carlton, Warden,* No. 03C01-9611-CR-00395, 1998 WL 19932, at *2 (Tenn. Crim. App., at Knoxville, Jan. 22, 1998), *perm. to appeal denied*, (Tenn. Jul. 6, 1998). Accordingly, these claims are not proper grounds for habeas corpus relief.

Petitioner claims that the indictment fails to sufficiently charge the offense of first degree burglary in that the indictment fails to "define" the offense of larceny. The challenged indictment reads:

> The Grand Jurors . . . upon their oath present and say that <u>Gregory A. Hedges, alias Thomas D. Carter, alias Timothy T. Bickers, alias and Janie Riddle, alias</u> on or about the <u>31</u> day of <u>January</u> 19<u>85 ,</u> . . . did unlawfully and feloniously break and enter the residence of Lewis and Mildred Buckles, a dwelling house in the night time, or aid and abet the same, with the felonious intent to commit a felony therein, to-wit: larceny of a quantity of U.S. Currency, two handguns, a holster, a ladies seven (7) diamond cluster ring, a mans 32 degree Mason ring and keys, and other felonies unknown to the Grand Jury.

The Petitioner asserts that the indictment is defective because it fails to "define" the felony of larceny. The Petitioner relies upon *Hooks v. State*, which held that an indictment for burglary must set forth and define the felony intended to be committed. *Hooks*, 154 Tenn. 43, 289 S.W. 529 (1926). We conclude that the indictment does "define" the felony intended to be committed as required by *Hooks*. In *State v. Haynes*, the defendant challenged the sufficiency of the indictment for first degree burglary. 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986). As in the present case, the defendant alleged that the indictment was defective "because it failed to define the felony of larceny." *Id.* The indictment charged that the defendant "did break and enter in the night time the dwelling house of [the victim], with the unlawful intent to commit a felony, to wit: Larceny . . . ." *Id.* No further definition of the "felony, to with: Larceny" was provided in the indictment. This Court held that the indictment "set forth and define[d] the felony intended to be committed," *i.e.,* larceny. *Id.* at 83. Accordingly, we conclude that the indictment for first degree burglary in the present case was sufficient to vest jurisdiction in the trial court.

The Petitioner has failed to establish that he is entitled to habeas corpus. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE